It appears from the evidence that this young woman had not lived much in her father's house for twelve months before she became pregnant.
She had lived chiefly at her sister's, several miles off, and had once hired herself to Mr. Shannon.
Under these circumstances she could not be considered as one of her father's family, and consequently could not be assisting as a servant.
It is in proof that the child was begotten at her sister's; the declaration therefore cannot be supported. The gist of this action isquare domum fregit. There could be no trespass to the house of the father when the young woman was begotten with child at the house of her sister.
The trespass is the principal ground of the action, and the begetting the child, per quod servitium amisit, accident only. 2 L. Ray. 1032; 3 Bl. Com. 142; 2 T. R. 167, 168; 3 Burr. 1878.
It is immaterial where the act of seduction happened.
This young woman was frequently assisting in her father's family, and whether she was sometimes at her sister's or not does not relate to the merits of the question.
Slight evidence of her assisting in the family is sufficient. Her father had the trouble and expense of her lying-in, for which he ought to be remunerated. Vide 1 Esp. 217. Verdict for thedefendant.